**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARIA DOLORES DIAZ-RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03242-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Maria Dolores Diaz-Ramos petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. She argues that the Respondents (collectively, "the Government") wrongfully detained her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 2). She asks the Court to order the Government to provide such a hearing or immediately release her. (**Id.** at pp. 17-18). Because Petitioner's detention does not violate procedural or substantive due process, the petition is DENIED.

## Background

Petitioner, a citizen of Honduras, entered the United States illegally in August of 2019. (**Doc. 1**, p.2); (**Doc. 1-3**, p. 2). On October 22, 2019, DHS gave Petitioner a notice to appear, which identified her as an "alien present in the United States who has not been admitted or paroled." (**Doc. 1-2**, p. 1). DHS charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered her to appear before an immigration judge. (**Id.**). DHS released Petitioner on her own recognizance pending removal proceedings. (**Doc. 1-3**, p. 2). On February 12, 2020, Petitioner filed an application for asylum. (**Doc. 1-4**, p. 1). On October 14, 2025, ICE arrested Petitioner and detained her without bond. (**Doc. 1-5**, p. 3); (**Doc. 1-3**, p. 3). On January

12, 2026, an immigration judge denied Petitioner's asylum application and ordered her removed to Honduras.  (**Doc. 1-8**).  She appealed that decision to the BIA.  (**Doc. 1**, p. 6); (**Doc. 1-11**).  That appeal is pending.  (**Doc. 1**, p. 11); (**Doc. 7**, p. 12).  On January 29, 2026, Petitioner filed a "U-Visa Application," which is also pending.  (**Doc. 1**, p. 6).  She remains detained.  (**Doc. 1**, p. 2).

On April 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  She argues that because she is not a flight risk or a danger to the community, her mandatory detention is unlawful.  (*Id.* at p. 12).  She argues that DHS owed her notice and an individualized hearing before revoking her release.  (**Doc. 7**, p. 7).  Petitioner alleges violations of procedural due process and substantive due process.  (**Doc. 1**, at pp. 15-17).

The Government counters that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in Section 1225(b)(2)(A).  (**Doc. 6**, p. 4).  And Petitioner's substantive due process claim fails because mandatory detention pending removal proceedings does not implicate a fundamental right.  (*Id.* at p. 9).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025).  *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

2

Petitioner fails to carry that burden. Her mandatory detention pending removal proceedings is not contrary to procedural due process or substantive due process.

## I. Petitioner's continued detention does not violate procedural due process.

To determine whether the Government has given Petitioner sufficient due process, the Court will first address whether her mandatory detention under Section 1225(b)(2)(A) is appropriate. The Court will then analyze the merits of her procedural due process claim.

### A. Petitioner is properly detained without bond under Section 1225(b)(2)(A).

The parties agree that Petitioner is detained under Section 1225(b)(2)(A). That section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) because she is an "applicant for admission" who is "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And no immigration officer has determined that she is "clearly and beyond a doubt entitled to be admitted." *See* **id.**

#### 1. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021).

Petitioner, a citizen of Honduras, was detained at the border in 2019. She was placed in removal proceedings. She was released into the country pending those proceedings, which are

3

ongoing.  Even assuming her release was valid at the time of her arrest,[1] it did not grant her lawful admission.  *See **Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted).  Petitioner is present in the United States without having "made lawful entry into the country."  *See Avila*, 170 F.4th at 1133.  She is an "applicant for admission" under Section 1225(b)(2)(A).

### 2.  Petitioner is "seeking admission."

If an alien is an "applicant for admission," she is also "seeking admission."  ***Id.*** at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute").  In *Avila*, the petitioner entered the United States illegally in 2016.  ***Id.*** at 1132.  DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A).  ***Id.***  The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond.  According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'"  ***Id.*** at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where she has lived since 2019.  As discussed, she has not been admitted because she never made "lawful entry into the country."  *See id.* at 1133.  She is "seeking admission" under Section 1225(b)(2)(A).

### 3.  No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found that Petitioner was subject to removal in 2019, released her, and ordered her to appear before an immigration judge.  On October 15, 2025, immigration authorities again found that Petitioner was subject to removal.  And on January 12, 2026, an

---

[1] Petitioner allegedly "failed to report to the Fresno ERO office as instructed."  (**Doc. 1-3**, p. 2).

4

immigration judge ordered her removed to Honduras.  Petitioner presents no evidence of any other immigration determination relevant to admission.  She is not "clearly and beyond a doubt entitled to be admitted."  *See* **8 U.S.C. § 1225(b)(2)(A)**.  Section 1225(b)(2)(A) permits the Government to detain her without bond.

### B.  Petitioner's continued detention does not violate procedural due process because the Government may detain removable aliens pending deportation hearings simply by reference to Section 1225(b)(2)(A).

Petitioner's procedural due process claim fails because she is properly detained under Section 1225(b)(2)(A).  Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme."  *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024).  *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See **Demore***, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal.  ***Id.*** at 527-29 (holding that detention pending removal proceedings is not indefinite).  And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings.  ***Baynee***, 115 F.4th at 933.  That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'"  ***Id.***, *quoting **Demore***, 538 U.S. at 527.

Petitioner's conditional release pending deportation proceedings did not admit her to the United States under immigration law.  *See **Sanchez***, 593 U.S. at 415; ***Avila***, 170 F.4th at 1133. Nor did her visa application.  *See **Patel v. Ashcroft***, 375 F.3d 693, 697 (8th Cir. 2004) (holding that even an approved visa application does not guarantee admission).  She is still an "applicant

5

for admission," "seeking admission" to the country. *See* **8 U.S.C. § 1225(b)(2)(A)**. So she is properly detained under Section 1225(b)(2)(A).

Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner concedes that she is being detained pending removal proceedings. She presents no evidence that the Government is detaining her for any other reason. Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more. *See* **Baynee**, 115 F.4th at 932.

**II.     Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." **Reno v. Flores**, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." **Minnesota Deer Farmers Ass'n v. Strommen**, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." **Washington v. Glucksberg**, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* **id.** at 728. *See also* **Minnesota Deer Farmers**, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

6

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. She claims a right to be free from physical restraint generally. Her substantive due process claim fails for that reason alone.

Regardless, removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670; *Demore*, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); *Romero v. Brown*, 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right [she] actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee*, 115 F.4th at 931-33. Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

**Conclusion**

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b)(2)(A). Her continued detention does not violate procedural due process or substantive due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2026

8